## No. 691

### ROBERTS v. FRANTZ et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7518.    Decided June 13, 1927.

Mauck, PJ., and Middleton, J., of the 4th Dist., sitting by designation.

708. LEASES—726. Liquidated Damages—Provision in lease that lessor shall bring suit for and collect all rents and other charges which shall have accrued up to time of cancellation for breach of covenant and that all improvements made on premises shall be forfeited to lessor as liquidated damages, provides for penalty and not for liquidated damages.

910. PENALTIES—Expression "shall be forfeited" implies penalty and fact that such penalty is designated as liquidated damages, does not change import and effect of language used.

Appeal from Common Pleas.

Lease cancelled without money judgment.

First Publication of this Opinion.

BY THE COURT.

This action comes into this court on appeal. It is a suit for the cancellation of a lease made by plaintiff to one I. Margolin and assigned to defendant. The cancellation was demanded because of nonpayment of rent and failure to pay taxes as required by the terms of the lease. The defendant, contended that, by virtue of permanent improvements made by his assignors and himslf, he was entitled to compensation as a condition of the cancellation of the lease. It appears to be established that

the value of said improvements was $23,558.70 and there was due, under the terms of the lease, at the time of the hearing in the Common Pleas, $13,077.41. The lower court found that defendant had an equity in the premises, over and above the amount owed to plaintiff, of $10,481.29. Plaintiff contends that, under the express provisions of the lease, such finding was wholly without any sanction in law. He makes this claim because the lease provided as follows:

"* * * if any of the covenants or agreements aforesaid shall not be performed as hereinbefore stipulated and agreed to be performed by said lessee, within the period of 60 days after default in performance, the said lessor, at any time thereafter shall have full right, * * * to enter upon the above demised premises, and take immediate possession thereof, and bring suit for and collect all rents, taxes, assessments, insurance premiums and other charges which shall have accrued * * * and all improvements made on said premises shall be forfeited to the said lessor as liquidated damages without compensation therefor to the lessee * * *."

It is the contention of plaintiff that by the provisions aforesaid all permanent improvements become forfeited as liquidated damages, or in other words that this provision provides for liquidated damages and not a penalty, in the respect named, in case of default of the lessee. We cannot accept this interpretation of said provision. It is our opinion that the provision quoted is intended to provide a penalty and not liquidated damages. The expression "shall be forfeited" implies a penalty and the fact that such penalty is designated as liquidated damages, does not change the import and effect of the language used.

Applying the language used and the tests adopted in Miller v. Blockberger et, 111 OS. 798, we conclude that the provision for a forfeiture of improvements, made by the lessee, was intended as a penalty. We are not prepared, however, to adopt the view of the lower court that equity demands that the lessee, by whose failure and default the lease should be cancelled, ought to receive full compensation under its terms, while the lessor must not only submit to a setoff that cancels all his claims for taxes and rent due and accrued, but must be compelled to pay the lessee more than ten thousand dollars to recover his property. It is sufficient, we think, to allow the defendants, for their improvements, the amount due the lessor under the lease, when it is cancelled.

It is accordingly adjudged that the lease be cancelled without any money judgment or finding in favor of either party. This cancellation, however, is decreed with the qualification that if the defendants, by the first day of August, 1927, pay the costs, taxes and other charges for which they are in arrears, all their rights in the leasehold shall be preserved, otherwise the decree of cancellation shall, on that day, be in full force and effect.

(Mauck and Middleton, JJ., concur.)

Attorneys—Lorman, Roob & Quallich for Roberts; Melville W. Vickery for Frantz, et; all of Cleveland.